FILED
United States Court of Appeals
Tenth Circuit

May 6, 2019

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

JULIE A. MACKINNEY,

      Plaintiff - Appellant,

v.

ALLSTATE FIRE AND
CASULATY INSURANCE
COMPANY,

      Defendant - Appellee.

No. 18-1437
D.C. No. 1:16-CV-01447-NYM
(D. Colo.)

_____

ORDER AND JUDGMENT[*]

_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.

_____

This appeal grew out of a suit over insurance coverage. At trial, the

insured's sole claim was a state-law claim for bad faith based on the

insurer's unreasonable delay in paying underinsured-motorist benefits. On

_____

[*]    Oral argument would not materially help us to decide this appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). We have thus decided the appeal based on the briefs and record on appeal.

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

this claim, the jury found no liability and the district court entered judgment for the insurer. The insured appeals.

The appeal involves the denial of the insured's motion for a mistrial. The motion stemmed from questioning of the insured on cross-examination. This questioning involved the insurer's earlier payments on the claims for underinsured-motorist coverage. The insured's responses showed that when she sued, she hadn't known about payments to her attorney.

After the insured testified, the bailiff notified the district court that one of the jurors had admitted possible bias in the case. The district judge inquired and learned that the juror believed, based on the insured's testimony, that the insured's attorney had been driving the entire lawsuit. The district court ultimately dismissed this juror, but the insured also moved for a mistrial. The district court declined to order a mistrial, concluding that the prejudice had been remedied through dismissal of the juror.

On appeal, the insured argues that the district court erred in refusing to declare a mistrial. The insured contends that the allegedly irrelevant and prejudicial cross-examination prevented her from receiving a fair trial.

In reviewing the denial of a mistrial, we apply the abuse-of-discretion standard. *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 769 (10th Cir. 1997). In our view, the court did not abuse its discretion in

denying the motion for a mistrial.[1] The insured's statutory claim was that the insurer had taken too long to make these payments, and the questions asked on cross-examination apparently involved the timing of the insurer's past payments to the insured's attorney. The timing of the past payments appears relevant to a claim based on delays in making those payments, and we do not see why these questions would be unfairly prejudicial. (If they are unfairly prejudicial, the insured has not told us why they are.) We thus conclude that the district court acted within its discretion in declining to order a mistrial based on the cross-examination of the insured.

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[1] The insurer contends that the appellant's brief is deficient. It is true that the insured's counsel has not (1) identified any of the actual questions or answers underlying the appeal or (2) explained how the questioning was unfairly prejudicial. Despite these shortcomings, we address the merits of the appeal.